IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Bethina M. Williamson, | ) | C/A No. 1:13-279-TLW-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Bansi Patel; Mookie Patel; and Alyssa Mackey, | ) | |
| Defendants. | ) | |

The plaintiff, Bethina M. Williamson ("Williamson"), who is self-represented, filed this action appearing to assert claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; as well as a state law defamation claim against the defendants. Williamson's claims stem from her allegations that younger, white employees were treated better than she and that, following her termination, one of the defendants informed a prospective employer that she was not eligible for rehire at her former employer, Country Inn and Suites.[1]

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss. (ECF No. 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Williamson of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motion. (ECF No. 32.) Notwithstanding the

---

[1] Williamson's Complaint originally included claims against Country Inn and Suites, but she withdrew those claims earlier in the litigation; therefore, Country Inn and Suites is no longer a defendant in this case. (See ECF Nos. 17 & 21.)

Page 1 of 5



specific warning and instructions set forth in the court's Roseboro order, the plaintiff failed to respond to the motion. As the plaintiff is proceeding *pro se*, the court filed a second order advising the plaintiff that it appeared to the court that she was not opposing the motion and wished to abandon this action, and giving the plaintiff additional time in which to file her response to the defendants' motion. (ECF No. 36.) Williamson filed a letter in response (ECF No. 38) essentially reiterating her previous letter to the court stating that she could no longer pursue an action against Country Inn and Suites. Her response was silent, however, as to Defendant Bansi Patel, Defendant Mookie Patel, and Defendant Mackey. Nor did she present any legal argument in opposition to the grounds raised in the defendants' motion. The defendants filed a reply memorandum. (ECF No. 39.) Having reviewed the parties' submissions and the applicable law, the court finds that, to the extent Williamson has not abandoned her claims against those defendants, the motion to dismiss should be granted.

**DISCUSSION**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.

Page 2 of 5

*PJG*

Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for her, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Williamson appears to assert two types of claims against the defendants: claims under the federal anti-discrimination statutes—Title VII and the ADEA—and possibly a state law defamation claim. Her federal claims fail as a matter of law, as any Title VII or ADEA claims against the individual defendants under the circumstances of this case are precluded by decisions of the United States Court of Appeals for the Fourth Circuit holding that those statutes do not provide for individual liability. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (Title VII); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir. 1994) (ADEA). Accordingly,

*PJG*

these claims should be dismissed. Further, the court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over any state law claim Williamson may have raised in her Complaint.

## RECOMMENDATION

Accordingly, the court recommends that, to the extent Williamson has not abandoned her claims against the remaining defendants, the defendants' motion to dismiss should be granted (ECF No. 30).[2]

                                                                                     _____
                                                                                     Paige J. Gossett
                                                                                   UNITED STATES MAGISTRATE JUDGE

October 23, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] The plaintiff's claims should be dismissed for the independent reason that her service of process on the defendants was untimely under Rule 4(m) and she failed to obtain leave of court for the untimely service. (See Def.'s Mem. Supp. Mot. Dismiss, ECF No. 30-1 at 8-11.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).