IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Bethina M. Williamson, | ) |
|               Plaintiff, | ) |
| vs. | )    C/A No.: 1:13-00279-TLW |
| Bansi Patel; Mookie Patel; and Alyssa Mackey, | ) |
|               Defendants. | ) |

**ORDER**

Plaintiff, Bethina M. Williamson ("Plaintiff"), proceeding pro se filed this employment discrimination action against Defendants, Bansi Patel, Mookie Patel, and Alyssa Mackey (collectively "Defendants"), on January 30, 2013. (Doc. #1).[1] Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"), in addition to a state law defamation claim, arising out of her allegations that "younger, white employees" were treated better than she during her employment and that, following Plaintiff's termination, one of the Defendants informed a prospective employer that Plaintiff was not eligible for rehire with her former employer, Country Inn and Suites. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") issued on October 23, 2013 by United States Magistrate Judge Paige J. Gossett, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (Doc. #41). In the Report, the Magistrate Judge

---

[1] Plaintiff's Complaint originally included claims against her former employer, Country Inn and Suites, but she withdrew those claims on June 19, 2013 (Doc. #21); therefore, Country Inn and Suites is no longer a Defendant in the above-captioned case.

recommends that the District Court grant the Defendants' Motion to Dismiss (Doc. #30) and dismiss this case in its entirety. (See Doc. #41).

The Plaintiff did not file objections to the Magistrate Judge's Report and Recommendation recommending dismissal of the above-captioned case. The deadline for Plaintiff to file objections expired on November 12, 2013. (See Doc. #41).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation and other relevant filings in this matter. After careful consideration, it is **ORDERED** that the Report and Recommendation (Doc. #41) be, and hereby is, **ACCEPTED.**

Accordingly, for the reasons articulated by the Magistrate Judge, the Defendants' Motion to Dismiss (Doc. #30) is hereby **GRANTED** and the above-captioned case is **DISMISSED** in its entirety.[2]

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

December 12, 2013
Columbia, South Carolina

---

[2] The Report and Recommendation (Doc. #41) addressed the legal merit of the Plaintiff's federal claims arising under both Title VII and the ADEA. Therefore, those claims are hereby dismissed with prejudice. The Report and Recommendation (Doc. #41) recommends dismissal of Plaintiff's state law claim on a procedural ground. Accordingly, that claim is hereby dismissed without prejudice.